[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S AMENDED MOTION FOR CONTEMPT AND PLAINTIFF'S MOTION FOR CONTEMPT (DOCKET ENTRY NO. 114)
The instant matter came before the court, post-judgment, on defendant's Amended Motion for Contempt (sic), dated September 27, 1999 but not yet docket coded, and plaintiff's Motion for Contempt (sic) (docket #114)
Hearings were conducted and the parties were given an opportunity to brief the issues of laches and estoppel.
The following are the pertinent facts for resolution of the current disputes:
1. a judgment of dissolution entered on August 21, 1989;
2. at the time of the judgment, both parties were represented by counsel; CT Page 14357
3. the parties entered an agreement which was incorporated into the judgment by reference;
4. the agreement called for the marital home to be listed for sale (paragraph 3) on certain terms and conditions;
5. the agreement provided for the parties to share, on a 50/50 basis from the sale proceeds, back taxes (including interest and penalties), capital gains taxes, the Visa bill, Jordan Marsh, Zingmond, Russo, Toohey, Hochman, Romanelli, M.Y., car insurance, Fineberg, Shawak and Ben Falco;
6. the agreement further provided that the parties were to pay, on a 50/50 basis on an ongoing basis, the current taxes and homeowners insurance;
7. the agreement provided for home repairs, in excess of $250.00, to be shared on a 36.5%/63.5% basis; and
8. the agreement provided for $75.00/week alimony from the plaintiff to the defendant for five (5) years.[1]
There is a tangential issue the court must address before it can get to the decision making involved in the disputes between the plaintiff and defendant.
In the judgment (agreement), the parties agreed:
 "Attorney Raymond Lyddy will represent both parties to forestall the foreclosure of the family homestead and it is herein agreed that his attorney fee will be paid from the closing."[2]
Attorney Lyddy took this agreement for representation to the illogical extreme; he `loaned' the money necessary to salvage the homestead from a municipal tax foreclosure.[3] This `loan' was made despite the fact that the defendant never agreed to the `loan' and refused to sign any documentation to memorialize or secure the loan.
The plaintiff executed a warranty deed in favor of Raymond C. Lyddy, Trustee. The defendant did not execute this, or any other, deed. Thus, the only effective transfer was of plaintiff's undivided one-half interest to Lyddy, Trustee. CT Page 14358
Attorney Lyddy came to this court seeking intervention as a party defendant (Docket #121). That Motion was granted by Cutsumpas, J. on April 5, 1999. Lyddy subsequently filed a Motion for Contempt (sic) on April 8, 1999. (Not yet Docket coded)[4]
This court ruled that defendant Lyddy, Trustee, had no authority to bring a motion seeking a finding of contempt against the defendant Joan Falco. Since defendant Lyddy, Trustee, was not a party to the court's orders in the dissolution judgment, he could not assert a claim for enforcement. Implicit in this finding is a determination that a non-party cannot become a third party beneficiary of a court's dissolution judgment.
The ONLY reason Lyddy, Trustee, is admitted as a party defendant is to allow the court to exercise control over the real property which was and is under the jurisdiction of the court in the dissolution matter pursuant to § 46b-66a and § 46b-81 of the Connecticut General Statutes.
At the outset of the proceedings, the court directed the parties to, immediately, list and market the house. That process is currently ongoing.
When the property sells, the attorney for the defendant will handle the closing and hold all proceeds, other than the NORMAL costs of closing, in escrow pending further orders of the court. The court retains jurisdiction over the realty or the corpus resulting from the sale of the realty for purposes of distribution within the confines of the dissolution judgment. The court will allow an opportunity for the parties to be heard on any distribution questions.
In addressing the Motions now before the court, the court specifically rejects any finding applying the doctrines of laches and/or estoppel. Both doctrines are equitable in nature and require the proponents to come before the court with clean hands. Neither party can claim such cleanliness.
Defendant's Amended Motion for Contempt (sic), dated September 27, 1999 is denied but orders for resolution of the dispute are issued.
No finding of contempt will enter on paragraph 2(a). The plaintiff was under no obligation to pay one half of the tax arrears UNTIL there were proceeds from the sale of the house. CT Page 14359
A finding of liability will enter on the plaintiff's failure to pay one half of the current taxes since the date of the judgment, August 21, 1989. No finding of contempt will enter since there was no credible evidence of wilfulness and incomplete evidence on the amount due. The defendant will prepare an affidavit, on a year by year basis, of the taxes assessed since August 21, 1989 and submit it to the court on or before November 29, 1999. The affidavit will be addressed at the time of the hearing on disbursement of the real estate proceeds.
A finding of liability will enter on the plaintiff's failure to pay one half of the current insurance since the date of the judgment, August 21, 1989. No finding of contempt will enter since there was no credible evidence of wilfulness. The defendant will prepare an affidavit, on a year by year basis, of the insurance premiums paid since August 21, 1989 and submit it to the court on or before November 29, 1999. The affidavit will include the name and address of the broker or carrier paid each year. The affidavit will be addressed at the time of the hearing on disbursement of the real estate proceeds.
A finding of liability will enter on the plaintiff's failure to pay 36.5% of major home repairs in excess of $250.00 since the date of the judgment, August 21, 1989. No finding of contempt will enter since there was no credible evidence of wilfulness. The plaintiff will pay the defendant the sum of $2,226.50 on or before December 1, 1999.
A finding of liability will enter on the plaintiff's failure to pay alimony in the amount of $75.00 per week for a period of 40 weeks. No finding of contempt will enter since there was no credible evidence of wilfulness. The plaintiff will pay the defendant the sum of $1, 500.00 on or before December 15, 1999. The plaintiff will pay the defendant the sum of $1,500.00 on or before January 15, 2000.
At the time of the distribution hearing, each party is directed to bring probative evidence of continued indebtedness or payment of the liabilities listed in paragraph 3b through 3n of the Agreement.
Plaintiffs Motion for Contempt (sic) is denied. There was no credible evidence of wilfulness. The court has dealt with the need to implement the sale provisions of the decree by its CT Page 14360 previous orders.
BRENNAN, J.